No. 91-296

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

DONALD E. DRUMMOND, ELIZABETH J. DRUMMOND,
J. GILBERT EVANS, DENNIS L. LaFEVER,
JACQUELINE R. LaFEVER, PHILLIP E. MASON,
CAROLYN J. TICHENOR, DARYL L. TICHENOR,
MARCELLA J. CAMPBELL, KENNETH K. CAMPBELL,
NELS P. SALMONSEN, and RUTH M. SALMONSEN,

                          Plaintiffs and Appellants,

          -vs-

TOWN OF VIRGINIA CITY, MADISON COUNTY, MONTANA,
a body politic and corporate, MICHAEL J. MAJERUS,
its Mayor, MELINDA J. TICHENOR, GERALD F. FOX,
KATHLEEN D. KINNEY, AND DONALD D. WILLIAMS, members
of the Town Council, PATRICIA PEDULA, Town Clerk-
Treasurer, LOREN TUCKER, Town Attorney and DOROTHY C.
BROWN, Election Administrator, Town of Virginia city,
and all duly qualified electors of the Town of Virginia
City, Madison County, Montana,

                          Defendants and Respondents.


APPEAL FROM:   District Court of the Fifth Judicial District,
               In and for the County of Madison,
               The Honorable Frank M. Davis, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

          Samuel M. Warren; Worden, Thane & Haines, Missoula,
          Montana

     For Respondent:

          Loren Tucker, City Attorney, Virginia City, Montana

Submitted on Briefs:   February 13, 1992

Decided:   June 11, 1992

FILED

Filed: JUN 11 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Justice Terry N. Trieweiler delivered the opinion of the Court.

This is an appeal from an order of the District Court of the Fifth Judicial District, Madison County, dismissing plaintiffs' petition to invalidate a municipal mail ballot election.

The issue on appeal is whether the District Court erred in its determination that Virginia City complied with all statutory election procedures. We affirm the District Court.

Prior to December 4, 1990, the Town of Virginia City decided, through its City Council, to submit to the voters a resort tax proposal pursuant to § 7-6-4461, *et seq.*, MCA. The council voted to conduct the election by mail ballot as provided for in § 13-19-101, MCA. On December 4, 1990, the Election Administrator of Madison County submitted a written plan for a mail ballot election to the Secretary of State, pursuant to § 13-19-205, MCA. The plan was approved, and the election was scheduled for February 5, 1991. Notice of the election and the date of closing of registration was published, and registration was closed on January 7, 1991. Ballots were printed and mailed to the registered voters. The election was held as scheduled, and the proposed tax ordinance was approved by a margin of 53 to 47. The results were certified the following day.

On April 9, 1991, 63 days later, plaintiffs filed a petition to invalidate the mail ballot election. They alleged that the election was prematurely held, that a number of voters had not met the residency requirements outlined in the local ordinances of

2

Virginia City, and that the return of ballots by persons other than the actual electors violated §§ 13-19-106(4), 13-19-306, -307, and -308, MCA (1989).

A hearing was held on April 23, 1991. The matter was orally argued and briefed, and on May 7, 1991, the District Court entered it Findings of Fact, Opinion, and an Order dismissing the petition. Plaintiffs appeal the District Court Order.

Plaintiffs allege that the court erred in upholding the election due to "the Election Administrator's non-compliance with the personal delivery requirements of the Mail Ballot Election statutes." Plaintiffs state that the requirements of §§ 13-19-106(4) and 13-19-306 through -308, MCA, were not met. Section 13-19-106, MCA (1989), provides the general requirements for a mail ballot election. It reads in part:

> (1)  Official ballots must be prepared and all other initial procedures followed as otherwise provided by law.
>
> (2)  An official ballot must be mailed to every qualified elector of the political subdivision conducting the election.
>
> (3)  The elector shall mark the ballot at home and place it in a secrecy envelope.
>
> (4)  The elector shall then place the secrecy envelope containing his ballot in a return/verification envelope and shall return it by mailing it or delivering it in person to a place of deposit designated by the election administrator so that it is received prior to a specified time on election day.

Plaintiffs contend that subsection (4) of the statute requiring that the elector return the ballot by mail or in person

3

is mandatory. The term "in person" is used in several sections of the chapter.

The record discloses that 19 of the ballots tallied by the election administrator (including ballots by two of the plaintiffs) were delivered by persons other than the elector. The Madison County Voter Official Register shows that 17 of the ballots were delivered by family members of the elector. The two remaining ballots were delivered by an employee of the Election Administrator's office for persons who were disabled and unable to do so themselves.

Plaintiffs state that the language of the mail ballot election statutes mandates personal delivery if mail return is not used, and that these provisions exist to prevent voter fraud or other election abuses. Plaintiffs contend that any deviation from this requirement invalidates the election.

We agree with plaintiffs' contention that the provisions of Montana's mail ballot election chapter are designed to curb election abuses. However, we do not agree that a rigid adherence to the statutory provisions is essential to sustain an election result.

In this case, no evidence has been adduced that any voter fraud occurred. The election administrator testified that she complied with the elector verification procedures of § 13-19-310, MCA, and the valid ballot requirements of § 13-19-311, MCA. She testified that all ballots were sealed in the appropriate

4

envelopes, with the voter affidavit signature on each return/ verification envelope, and that each signature corresponded with that on the voter registration card.

This Court stated in *Thompson v. Chapin* (1922), 64 Mont. 376, 209 P. 1060, that "[t]he departure from the law in matters which the Legislature has not declared of vital importance must be substantial in order to vitiate the ballots." (Quoting *Boyd v. Mills* (1894), 53 Kan. 594, 37 P. 16.)

In *Wilks v. Mouton* (Cal. 1986), 722 P.2d 187, the California court was faced with a similar question. The statute directed the voter to return the ballot by mail or in person. Forty-six absentee ballots were delivered by parties other than the elector. The court refused to invalidate the election, stating:

> We do not agree, however, that the voters' and deputy county clerks' inadvertent violation of this provision requires that we disenfranchise the voter in the face of a trial court finding that there was no fraud or tampering with the challenged ballots. As we said above, the trial court found that in each case the third party delivered the ballot at the voter's request and after the voter had signed and sealed the envelope and that there was no tampering.

*Wilks*, 722 P.2d at 195. In *Wilks*, when a designee was told he would not be allowed to deliver the ballots, he simply walked outside and deposited the ballots in a mailbox, meeting the letter of the law for election integrity. The court noted that the case was "a perfect illustration of the injustice in nullifying votes because

5

on noncompliance with technical and sometimes ambiguous rules" governing the balloting process. *Wilks*, 722 P.2d at 195, n.9.

Plaintiffs had the burden of proving a substantive defect in the election by clear and convincing evidence. Absent any hint of fraud, the fact that ballots were delivered by family members does not constitute a substantial deviation from the guidelines set forth in the chapter.

Plaintiffs also contend that the District Court erred in upholding the election results where a number of voters failed to qualify as electors under applicable ordinances. Specifically, plaintiffs state that § 1.04.030 of the Virginia City Ordinance Book disqualified a number of nonresident voters. The statute provides that "[t]he term 'resident' shall mean any person who has resided within the town of Virginia City for at least thirty (30) days prior to the election."

Plaintiffs interpret this statute to mean that an individual must reside within the city in the month prior to the election. A sounder interpretation is that an individual must reside within the city for a minimum of 30 days in order to establish residency. Plaintiffs' interpretation is burdensome and would effectively disenfranchise many voters in a town that is comprised in great part of seasonal residents. Section 13-1-112, MCA, gives further guidance. It states in part:

> For registration or voting, the residence of any individual shall be determined by the following rules as far as they are applicable:

(1)  The residence of an individual is where his habitation is fixed and to which, whenever he is absent, he has the intention of returning.

    . . . .

(4)  An individual does not lose his residence if he goes into another state or other district of this state for temporary purposes with the intention of returning unless he exercises the election franchise in the other state or district.

    . . . .

(8)  A change of residence can be made only by the act of removal joined with intent to remain in another place.

No evidence was offered by the plaintiffs that any elector exercising their voting right had voted elsewhere or did not intend to return to Virginia City.  Further, plaintiffs failed to timely challenge any elector's right to vote, as provided for in §§ 13-13-301 or 13-2-404, MCA, or challenge the registration of any elector, as provided in § 13-2-403, MCA.  The District Court properly disallowed plaintiffs' challenge which came some 60 days after the election, and failed to show that any elector was not a resident, as determined by § 13-1-112, MCA.  Accordingly, we affirm the District Court.

_____
                Justice

7

We concur:

_John Conway Harrison_

_William E Hunt Sr_

_P. C. McDonough_

_____
Justices

June 11, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Samuel M. Warren
Worden, Thane & Haines
P.O. Box 4747
Missoula, MT  59806

LOREN TUCKER
City Attorney
P.O. Box 36
Virginia City,  MT 59755

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy